

February 7, 2023

**VIA ELECTRONIC CASE FILING**

The Honorable Michael A. Hammer
United States Magistrate Judge
United States District Court for the District of New Jersey
Martin Luther King Federal Building and U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

**Re:** *In re Revlimid & Thalomid Purchaser Antitrust Litigation*, 19-7532-ES-MAH (D.N.J.)

Dear Judge Hammer:

I write on behalf of the individually-litigating Health Benefit Provider Plaintiffs[1] to ask the Court to deny Teva and Natco's request for a stay, of any kind, affecting the Health Benefit Provider actions. The facts about the Natco litigation and resulting settlement agreement can and should be discovered once, efficiently, across all consolidated actions—so long as doing so does not otherwise slow down the Health Benefit Providers' cases.

The Health Benefit Providers do not know what specific relief Teva and Natco (or any defendant) seeks. We have a general understanding that they want to stay discovery in the retailer and end-payer class cases (based on remarks made during a status conference for those cases). But counsel for Teva and Natco refused repeated requests to tell us — before today —

---

[1] These plaintiffs and their respective dockets are: Humana, Inc., 19-cv-7532; United HealthCare Services, Inc., 21-cv-18531; BCBSM, Inc., Health Care Services Corporation, and Blue Cross and Blue Shield of Florida, Inc., 21-cv-6668; Blue Cross and Blue Shield Association, 21-cv-10187; Cigna Corporation, 21-cv-11686; and Molina Healthcare, Inc., 22-cv-4561.

what they sought to stay, in which cases, and affecting which claims. To the extent that any defendant now seeks to stay discovery about the facts and circumstances of the Natco agreement in the Health Benefit Provider actions, we oppose.

*First*, the cat is already out of the bag. Last week, Celgene and BMS produced 846,120 documents, spanning 6,790,795 pages, and comprising almost a terabyte of data. This production includes a written agreement between Celgene and Natco that purports to resolve the Natco litigation.

*Second*, since last March, this Court — both Judge Hammer and Judge Salas — has made clear to Celgene and BMS that discovery in the three-year-old Health Benefit Provider actions should proceed in a "fulsome fashion" while motions to dismiss are pending.[2] In August, the Court recognized that (1) facts about the Natco litigation and settlement are inextricably linked to the Health Benefit Providers' other anticompetitive scheme and sham litigation claims, and (2) "carv[ing] up discovery into little pieces as to what goes forward now, versus what a stay pending a motion to dismiss, [] would invite discovery disputes galore and render case management nearly impossible…."[3] That other plaintiffs, in newly filed actions, named Teva and Natco as additional defendants neither changes that calculus nor otherwise warrants reversing course.

*Third*, the proper remedy for any hardship Teva may cite is to make modest adjustments to the existing schedule. Teva and Natco's counsel did not provide (as requested)

---

[2] *See* August 29, 2022 Hearing Tr., ECF No. 62 at 23-24, ("So, I have very carefully considered the defendants' position. I will tell you; I've also conferred with Judge Salas about this, going all the way back to September 2019 and again very recently. And the appropriate course here is for discovery to proceed without limitation."); March 7, 2022 Hearing Tr., ECF No. 62 at 8-9 ("To be clear, though, once … we're down to briefing on any motion to dismiss on case- or pleading-specific issues, discovery will go forward."); Sept 13, 2019 Hearing Tr., ECF No. 35 at 8 (the "Court has already made clear to the defense that if some part of the complaint were dismissed without prejudice to the plaintiffs' right to re-plead, fact discovery would not abide a further motion to dismiss and would proceed notwithstanding.").

[3] August 29, 2022 Hearing Tr., ECF No. 62 at 23-24.

any insight into what modest adjustments could be made to the schedule that could avoid an outright stay. As a starting point, the Health Benefit Providers would agree to a two-month extension of the close of fact discovery, until August 31, 2022. Other tweaks may also be appropriate. We remain willing to meet and confer on these matters.

Respectfully submitted,

By: */s/ Peter D. St. Phillip, Jr.*

Peter St. Phillip (NJ ID No. 025031993)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, New York 10601
914-997-0500
PStPhillip@lowey.com

*Counsel for Plaintiffs Humana Inc., Cigna Corp., Blue Cross and Blue Shield Association, BCBSM, Inc., Health Care Service Corporation, Blue Cross and Blue Shield of Florida, Inc., and Molina Healthcare, Inc.*

Thomas M. Sobol (admitted pro hac vice)
Kristen A. Johnson (admitted pro hac vice)
Whitney E. Street (admitted pro hac vice)
Chris S. O'Brien (pro hac vice forthcoming)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1 Faneuil Hall Sq., Fifth Floor
Boston, MA 02109
Tel: (617) 482-3700
tom@hbsslaw.com
kristenj@hbsslaw.com
whitneyst@hbsslaw.com
chrisob@hbsslaw.com

*Counsel for Plaintiff Cigna Corporation*

*/s/ Sabina Mariella*
Sabina Mariella
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY 10001
Tel: (212) 754-4541

Email: smariella@bsfllp.com

Hamish P.M. Hume (admitted *pro hac vice*)
Michael S. Mitchell (admitted *pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
1401 New York Avenue, NW
Washington, D.C. 20005
Tel: (202) 895-7580
Email: hhume@bsfllp.com
mmitchell@bsfllp.com

Judith A. Zahid (admitted *pro hac vice*)
Eric W. Buetzow (admitted *pro hac vice*)
**ZELLE LLP**
555 12th Street
Suite 1230
Oakland, CA 94607
Tel: (415) 693-0700
Email: jzahid@zellelaw.com
ebuetzow@zellelaw.com

James R. Martin (admitted *pro hac vice*)
Jennifer Hackett Duncan (admitted *pro hac vice*)
1775 Pennsylvania Avenue, NW, Suite 375
Washington, D.C. 20006
Tel: (202) 899-4100
Email: jmartin@zellelaw.com
jhackett@zellelaw.com

*Counsel for Plaintiff United Healthcare Services, Inc.*

cc:     All counsel of record (via ECF)