UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| IN RE REVLIMID & THALOMID PURCHASER ANTITRUST LITIGATION | : : : : : : | Civil Action No. 19-7532 (ES) (MAH)<br><br>ORDER |

This matter having come before the Court by way of Plaintiff United HealthCare Services, Inc.'s ("UHS") request for leave to amend its Complaint to bring it in line with the Health Benefit Provider Plaintiffs' Complaints in this litigation,[1] D.E. 140;

and it appearing that Defendants do not oppose UHS's proposed amendment, D.E. 196;

and Federal Rule of Civil Procedure 8(a)(2) requiring that a proposed pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief";

and Federal Rule of Civil Procedure 15(a)(2) providing that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave";

---

[1] UHS represents that its proposed Amended Complaint introduces "no novel claims, parties, or legal theories" and "asserts the same claims and nearly identical allegations previously asserted by the other plaintiffs in this litigation." UHS Letter, D.E. 140, at 1. Further, UHS seeks only to "bring its pleading into alignment with those of the other Health Benefit Provider Plaintiffs and the Retailers and EPPs classes." *Id.* at 4; *see also* UHS's Reply Letter, D.E. 150, at 3. UHS also indicates that it "has agreed to abide by any ruling on the pending motions to dismiss the complaints of the other Health Benefit Provider Plaintiffs and the forthcoming motions to dismiss the complaints in the Retailers and EPPs cases concerning the same claims." UHS Letter, D.E. 140, at 4. More specifically, UHS agrees that "if the Court grants Celgene's consolidated motion to dismiss, UHS's claims will be knocked out, too." UHS's Reply Letter, D.E. 150, at 3.

and Federal Rule of Civil Procedure 15(a)(2) further providing that courts should "freely give leave when justice so requires";

and pursuant to Federal Rule of Civil Procedure 15, the decision to amend resting within the sound discretion of the Court, *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Heyl & Patterson Int'l, Inc. v. F. D. Rich Hous. of V.I., Inc.*, 663 F.2d 419, 425 (3d Cir. 1981);

and UHS having filed its request seeking to amend on February 13, 2023, within the deadline to do so, *see* Pretrial Scheduling Order, Aug. 30, 2022, D.E. 81, ¶ 13;

and it appearing that UHS's proposed amendment seeks to add: 1) claims under Section 1 of the Sherman Act, 15 U.S.C. § 1, and certain state analog statutes; 2) supplementary facts attendant to those claims; and 3) Natco and Teva as Defendants, D.E. 140, 150;

and the Court having considered the parties' submissions, D.E.s 140, 146, 150, 196;

and the Court finding that because Defendants do not oppose the amendment, amendment is proper in accordance with Fed. R. Civ. P. 15(a)(2);

and the Court additionally finding that UHS's proposed amendments are not futile, are not the result of undue delay or bad faith, and will not cause Defendants undue prejudice because UHS seeks only to bring its pleading in line with the other Plaintiffs in this litigation, and will be bound by Judge Salas's ruling on the pending motions to dismiss on any claims preceding, and incorporated into, the Amended Complaint;

and the Court having concluded that, in light of the foregoing, there is good cause to grant UHS's motion to amend its Complaint;

**IT IS** on this 29th day of June 2023,

**ORDERED** that UHS's request to amend the Complaint, D.E. 140, is **GRANTED**; and it is further

**ORDERED** that UHS shall file its Amended Complaint on or before **July 14, 2023**; and it is further

**ORDERED** that because, as UHS asserts, the purpose of its amendment is simply to bring its pleading in line with those of the other Plaintiffs in this litigation, any ruling by District Judge Esther Salas on the pending motions to dismiss will apply to UHS's Amended Complaint.

*s/ Michael A. Hammer*
Hon. Michael A. Hammer,
United States Magistrate Judge